UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JAMES LONGS BEY,

    Plaintiff,

v.                                         Case No. 8:25-cv-1791-TPB-SPF

JUDGE MONIQUE SCOTT,

    Defendant.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte* on Plaintiff Michael James Longs Bey's complaint filed on July 11, 2025. (Doc. 1). Plaintiff filed this suit against Judge Monique Scott to enjoin state court proceedings against him. Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

In his emergency petition for a writ of prohibition, Plaintiff moves the Court to bar Judge Scott from proceeding in any further judicial proceedings or actions against him, claiming that there is a conflict of interest, that he did not consent to any trial, that future proceedings would constitute judicial misconduct, and that he has a right to a neutral and non-conflicted tribunal.

"[I]n the interest of comity, federal courts abstain from becoming involved in [ ] state court proceeding[s] with few exceptions." *Cruz v. Gee*, No. 8:13-cv-763-T-30TBM, 2013 WL 1278952, at *1 (M.D. Fla. Mar. 28, 2013) (quoting *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)). Importantly, "[a]bsent extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state

court." *Id.* (quoting *Thompson v. Wainwright*, 714 F.2d 1495, 1502 (11th Cir. 1983); *see Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (explaining that federal courts should abstain from granting declaratory of injunctive relief affecting a state criminal proceeding absent a showing of: (1) bad faith prosecution, (2) irreparable injury if abstention is exercised, and (3) the absence of an adequate alternative state forum to raise constitutional issues).

To the extent Plaintiff challenges any ongoing state court proceedings, Plaintiff does not allege bad faith prosecution, irreparable injury, or the absence of an adequate state forum where constitutional issues can be raised. Consequently, under *Younger*, the Court must abstain.[1]

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's emergency complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of July, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff specifically challenges any proceedings in case 25-cm-004155A, it appears that Plaintiff lacks standing. In that case, Plaintiff was charged with misdemeanor trespass. Although a jury trial was set for July 14, 2025, the State of Florida entered a notice of nolle prosequi on July 11, 2025. This notice terminates the case, so there is no active case or controversy as to the requests for declaratory or injunctive relief.